UNITED STATES DISTRICT COURT JUDGE STEIN

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE GROSS FAMILY FOUNDATION, INC., a New York Not-For-Profit corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAIL.COM MEDIA CORPORATION, a Delaware corporation,<br><br>　　　　　Defendant. | CASE NO. _____<br><br>**10 CIV 6369**<br><br>COMPLAINT<br><br> |

Plaintiff The Gross Family Foundation, Inc. (the "Foundation") alleges the claims set forth below as its complaint against Mail.com Media Corporation ("MMC").

## SUBSTANCE OF THE ACTION

1.　　This is an action to stop MMC from using and claiming ownership of a mark that is identical or confusingly similar to the Foundation's well-known "FASHION ROCKS" Marks. This is also an action to recover damages and an award of profits from MMC's past use and claims of ownership of the FASHION ROCKS marks.

2.　　The Foundation asserts claims against MMC on the grounds that MMC infringes on the Foundation's common law rights to the FASHION ROCKS Marks, described more fully herein, by causing a likelihood of confusion in violation of New York common law and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by diluting the Foundation's rights in these marks in violation Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), dilution under New York state law, and by engaging in unfair competition in violation of New York and California state law. The Foundation seeks an injunction prohibiting MMC from improperly using the FASHION ROCKS Marks alone or in connection with other words as well as any confusingly similar variant of the FASHION ROCKS Marks. The Foundation also seeks damages, including treble damages for willful infringement, lost profits, and payment of its reasonable attorneys' fees.

## BACKGROUND

### The Parties

3.      Plaintiff The Gross Family Foundation, Inc. is a registered New York not-for-profit corporation with its principal place of business at 214 West 39th St., New York, NY, 10018.

4.      On information and belief, Defendant Mail.com Media Corporation, Inc. is a Delaware corporation with its principal place of business at 9800 S. La Cienega Blvd., 14th Floor, Los Angeles, CA, 90301.  MMC also has offices located at 140 East 45th Street, Suite 9A, New York, NY, 10017 and at B-1201, BSEL Tech Park, Sector 30, Vashi, Navi Mumbai 400 705, INDIA.

5.      On further information and belief, MMC is a digital media company that owns and operates the "Mail.com" email service and portal.  Using this website, users can register for free email under the domain name "Mail.com" and others.  The website offers other web-based services, such as online communications links that transfer the user to other local and global web pages and a web-based search engine for obtaining data on the internet.  On information and belief, the "Mail.com" web portal provides links to other MMC websites that provide entertainment- and lifestyle-related content, such as blogs and news articles.  These websites feature information, including text, video, and images, in the fields of entertainment, celebrities, music, and fashion, among other fields.  MMC's websites also provide space for third-party advertising, which MMC sells based on the traffic and email subscribers drawn to Mail.com and its other websites.

### The Foundation's "Fashion Rocks" Marks

6.      The Foundation is the owner of applications for the FASHION ROCKS trademarks listed below, including FASHION ROCKS and FASHION ROCKS BROADWAY (collectively the "FASHION ROCKS Marks"), which have been used by the Foundation for

many years. The Foundation began building the FASHION ROCKS Marks at least as early as 2001 and has consistently expanded the use of the FASHION ROCKS Marks over the last decade in connection with at least charitable fundraising services, entertainment services and clothing.

7.      The Foundation produced the successful fundraising event "Fashion Rocks Broadway: Fashion and Broadway Team-Up to Fight Breast Cancer" on May 7, 2001 in New York, New York. This event was expected to be the first of many FASHION ROCKS shows. The Foundation's plans to hold a FASHION ROCKS show in 2002 were derailed by the terrorist attacks on September 11, 2001. In 2003, the Foundation was approached by Condé Nast Publications, Inc. ("Condé Nast") to obtain a license to permit it to hold FASHION ROCKS events.

8.      From 2004 to 2008, the Foundation licensed the FASHION ROCKS Marks to Condé Nast, who used the FASHION ROCKS Marks in connection with live entertainment events featuring some of the world's most celebrated musicians, fashion designers, and fashion models during New York's annual Fashion Week. This annual event raised funds for charitable purposes. Condé Nast extensively promoted these FASHION ROCKS events and spent millions of dollars advertising and marketing the FASHION ROCKS Marks. Condé Nast also included FASHION ROCKS show supplements with all of its magazines including VOGUE and GLAMOUR. For example, the 2007 FASHION ROCKS show received 1.47 billion media impressions, with each impression measured as one person seeing or hearing the FASHION ROCKS logo or name on radio, on television, in newspapers, or in magazines one time. The Condé Nast FASHION ROCKS shows were also broadcast to millions of people in the United States. For example, the 2008 FASHION ROCKS show was taped at Radio City Music Hall on September 5, 2008 and broadcast on CBS on September 9, 2008. All of the goodwill generated through Condé Nast's licensed use of the FASHION ROCKS Marks accrues to the Foundation.

9.      Condé Nast also advertised its annual shows on the internet, maintaining websites that provided news and information about its events, charitable causes, and celebrity guests. For example, the 2006 FASHION ROCKS show website http://www.fashionrocks06.com provides

-3-

information about news, beauty, fashion, music, shopping, celebrity gossip, behind the scenes "backstage" information, sponsor promotions, and videos, among others. Much of the FASHION ROCKS shows press coverage is also available on the internet. All of the goodwill generated through Condé Nast's licensed use of the FASHION ROCKS Marks on the internet accrues to the Foundation.

10.     Between 2005 and 2009, the Foundation also licensed the FASHION ROCKS Marks to BCBG Max Azria Group ("BCBG"), who used the FASHION ROCKS Marks in connection with the design, manufacture, and sale of clothing in 150 of its retail stores in the United States. All of the goodwill generated through BCBG's licensed use of the FASHION ROCKS Marks accrues to the Foundation.

11.     In 2009, the Foundation licensed its marks to the Lauren Skye Boutique, which produced a live philanthropic fashion show called "Fashion Rocks Raleigh" in Raleigh, North Carolina. All of the goodwill generated through Lauren Skye Boutique's licensed use of the FASHION ROCKS Marks accrues to the Foundation.

12.     In 2010, the Foundation licensed the FASHION ROCKS Marks to the "Fashion Rocks Boutique," a clothing store located in Cherry Hill, New Jersey. All of the goodwill generated through the Fashion Rocks Boutique's licensed use of the FASHION ROCKS Marks accrues to the Foundation.

13.     The FASHION ROCKS Marks have been continuously and extensively used in connection with charitable fundraising and entertainment services, as well as retail services, in publishing, and on clothing, all of which are provided to a broad segment of the general public.

14.     The Foundation actively enforces its trademark rights against unauthorized users. The Foundation regularly searches for infringement of its trademark rights and promptly sends cease and desist letters to the unauthorized users it discovers.

15.     In 2004, the Foundation pursued litigation against Fashion Rock Inc., a corporation based in Orlando, Florida for its infringement of the Foundation's FASHION ROCKS marks. "Fashion Rock" hosted a nationwide talent competition under the name "Fashion Rock Holiday Fest" on December 13-15, 2003 and planned additional annual shows.

-4-

Fashion Rock promoted its "Fashion Rock" talent competitions on several internet websites and through the Google AdWords® Program. In settlement of the Foundation's claims of infringement, Fashion Rock, Inc. agreed to discontinue its use of the confusingly similar mark and to pay a confidential sum to the Foundation.

16.     The Foundation commenced two opposition proceedings before the Trademark Trial and Appeal Board against applications for the registration of the mark FASHION ROCKS filed by Fashion Rocks Group, Ltd. ( "FRG" f/k/a "Big Time Productions, Ltd."). FRG has produced live music and fashion show events outside of the United States in collaboration with The Prince's Trust, a charity based in the United Kingdom. The first opposition, commenced on July 25, 2007, is currently in its testimonial period (TTAB Opposition No. 91178607). The second opposition, commenced on November 14, 2007, is currently suspended pending the determination of the first opposition proceeding (TTAB Opposition No. 91180745).

17.     The following charts depict the Foundation's federal trademark registrations and pending applications before the United States Trademark and Patent Office. The Foundation's registration of the mark FASHION ROCKS BROADWAY (U.S. Serial No. 76/213/755) was cancelled earlier this year.

### Previously Registered Marks

| Mark | Serial No. (Filing Date) | Date of Cancellation | Date of First Use | Services |
|------|--------------------------|----------------------|-------------------|----------|
| FASHION ROCKS BROADWAY | 76213755 (February 20, 2001) | February 20, 2010 | April 7, 2001 | IC 036. US 100 101 102. G & S: Charitable fund raising |

### Pending Applications

| Mark | Serial No. (Filing Date) | Date of First Use | Goods and Services |
|------|--------------------------|-------------------|---------------------|
| FASHION ROCKS BROADWAY | 78404032 (April 19, 2004) | April 7, 2001 | IC 041. US 100 101 107. G & S: Entertainment services, namely, production of live entertainment events featuring live music and fashion shows. |

| | 78403952 (April 19, 2004) | April 7, 2001 | IC 036. US 100 101 102. G & S: Charitable fundraising, philanthropic services concerning monetary donations.<br><br>IC 041. US 100 101 107. G & S: Entertainment services, namely, production of live entertainment events featuring live music and fashion shows. |
|---|---|---|---|
| FASHION ROCKS | 78403907 (April 19, 2004) | April 7, 2001 | IC 036. US 100 101 102. G & S: Charitable fundraising, philanthropic services concerning monetary donations.<br><br>IC 041. US 100 101 107. G & S: Entertainment services, namely, production of live entertainment events featuring live music and fashion shows. |
| FASHION ROCKS | 77366834 (January 8, 2008) | August 1, 2005 | IC 025. US 022 039. G & S: Clothing, namely, shirts, pants, skirts, dresses, or jackets; footwear; headgear, namely, hats or caps. |
| FASHION ROCKS | 77366834 (January 8, 2008) | | IC 003. US 001 004 006 050 051 052. G & S: Bleaching preparations and other substances for laundry use, namely, laundry detergent; cleaning, polishing, scouring and abrasive preparations; soaps; perfumery; essential oils for personal use; cosmetics; hair lotions; dentrifices<br><br>IC 014. US 002 027 028 050. G & S: Precious metals and their alloys and goods in precious metals or coated therewith, namely, gold, silver, or platinum; jewelry and precious stones; horological and chronometric instruments<br><br>IC 016. US 002 005 022 023 029 037 038 050. G & S: Paper, cardboard and goods made from these materials, namely, note books or sketch books; printed matter, namely, magazines in the fields of fashion or music; bookbinding material; photographs; stationery; adhesives for stationery and household use; artists' materials, namely, paintbrushes; typewriters and office requisites, namely, staplers, paper embossers, scissors, or adhesive tape dispensers; instructional and teaching material in the field of fashion or music; printers' type; printing blocks<br><br>IC 020. US 002 013 022 025 032 050. G & S: Goods of wood, cork, reed, cane, wicker, horn, bone, ivory, whalebone, shell, amber, mother-of-pearl, meerschaum and substitutes for all these materials, or of plastics, namely, furniture, mirrors and picture frames |

| | | | IC 021. US 002 013 023 029 030 033 040 050. G & S: Household or kitchen utensils, namely, graters, whisks, spatulas, spoons, or forks; containers for household or kitchen use not of precious metal; combs and bath sponges; hair brushes; materials for brush-making; articles for cleaning purposes, namely, steelwool; unworked or semi-worked glass; beverage glassware; porcelain and earthenware mugs<br><br>IC 024. US 042 050. G & S: Textiles and textile goods, namely, curtains, towels, or sheets; bed covers; table covers, namely, table linen<br><br>IC 025. US 022 039. G & S: Clothing, namely, shirts, pants, skirts, dresses, or jackets; footwear; headgear, namely, hats or caps. |
|---|---|---|---|

18.     By virtue of the Foundation's long and extensive use, advertising, and promotion efforts, the FASHION ROCKS Marks have achieved strong consumer recognition and represent valuable goodwill of the Foundation.

### MMC's Willfully Infringing Use of the "FASHION ROCKS" Marks

19.     The Foundation is informed and believes and thereon alleges that subsequent to the Foundation's use of the FASHION ROCKS Marks and without the Foundation's consent, MMC began using a confusingly similar mark, "FASHION ROCKS", to advertise and promote its own multimedia services and to appear as though it offered charitable and live music and fashion entertainment services.  MMC claimed on its website to own the brand name "Fashion Rocks" as part of its family of corporate brands.

20.     The Foundation is informed and believes and thereon alleges that MMC was aware of the Condé Nast FASHION ROCKS shows when it began using and claiming ownership of the "FASHION ROCKS" brand.  MMC provides entertainment news, among other services, and upon information and belief is aware of the extensive media coverage and fame of the Condé Nast FASHION ROCKS events and Condé Nast's use of the FASHION ROCKS Marks.

21.   The Foundation is informed and believes and thereon alleges that on or about May 21, 2010 and on dates prior, the brand name "FASHION ROCKS" was listed among the brands in the MMC portfolio at http://corp.mail.com/brands/.

22.   The Foundation is informed and believes and thereon alleges that on or about May 21, 2010 and on dates prior, MMC claimed ownership of the FASHION ROCKS brand in the United States.  The MMC corporate website included a separate profile page specifically dedicated to FASHION ROCKS, describing the fashion shows produced by FRG at http://corp.mail.com/brands/brand/fashion_rocks.  This profile included images and likenesses from FRG fashion shows and the FRG "Fashion Rocks" logo (see U.S. Serial No. 79/003/567), as well as a link to a website at http://www.fashionrocks.com, containing more images, videos, advertising, and descriptions of the FRG Fashion Rock shows.

23.   The Foundation is informed and believes and thereon alleges that on or about July 23, 2010 and on dates prior, MMC has continued to claim ownership of the FASHION ROCKS brand in the United States.  The following text appeared on MMC's corporate website at http://corp.mail.com/investors/:

> "Mail.com Media Corporation (MMC) is a leading digital media company founded by Jay Penske in 2004. The company owns and operates the Mail.com email service and portal, a global multi-media platform. **In addition, MMC owns a unique portfolio of lifestyle brands that provide the web's best original content in categories including entertainment, sports, breaking news, media, finance, health, beauty, shopping, fashion and automotive.** Mail.com, Hollywoodlife, OnCars, Movieline, Deadline, Fan, Young Hollywood Awards, Hollywood Style Awards, **Fashion Rocks**, Hamilton Behind the Camera Awards and Breakthrough of the Year Awards **are all part of the expanding MMC portfolio.**" (emphasis added).

24.   The Foundation is informed and believes and thereon alleges that on or about May 21, 2010 and on dates prior, MMC had a prominent depiction of the FRG "Fashion Rocks"

logo displayed for public viewing in its corporate headquarters entrance, visible to all individuals who entered the building, including its prospective customers and guests.

25.     The Foundation is informed and believes and thereon alleges that MMC used confusingly similar mark, FASHION ROCKS, for the purpose of advertising, promoting, and selling its good and/or services to consumers, as well as the goods and services of paid advertisers.  MMC's representation that it owned the confusingly similar FASHION ROCKS brand, and sold and provided the charitable fundraising and entertainment services offered by the FRG Fashion Rocks shows is misleading to the consuming public in the U.S. as to the origin of the Foundation's FASHION ROCKS goods and services.

26.     The Foundation has been informed and believes and thereon alleges that MMC represented that it was the owner of the FASHION ROCKS shows, providing entertainment and charitable fundraising services under the FASHION ROCKS mark, on or about May 21, 2010 and on dates prior, using its website http://corp.mail.com/brands/brand/fashion_rocks, which contained images of FRG's shows and a claim of ownership of the brand FASHION ROCKS. The Foundation has been informed and believes and thereon alleges that MMC sold advertising and received profits based on its use and claims of ownership of the FASHION ROCKS brand.

27.     MMC's willful infringement of the FASHION ROCKS Marks irreparably harms the Foundation's goodwill, including diluting the value of the Foundation's FASHION ROCKS Marks and is likely to confuse consumers.  MMC's actions have caused and will cause further damage to the Foundation in an amount not yet determined.

## JURISDICTION AND VENUE

28.     This is an action for damages and injunctive relief based upon trademark infringement and unfair competition arising under Title 15 of the United States Code and dilution and unfair competition arising under state law.

29.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.  Supplemental subject matter jurisdiction for the state law

claims is based on 28 U.S.C. § 1367.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

30.     This Court has jurisdiction over MMC because MMC has committed acts of unfair competition and trademark infringement during the course of its business on a nationwide scale and in this District.  MMC also has a place of business located in this District.

## FIRST CLAIM FOR RELIEF
### Willful Trademark Infringement

31.     The Foundation realleges and incorporates herein the allegations contained above.

32.     The Foundation is the owner of the FASHION ROCKS Marks as used to identify and promote its charitable fundraising and entertainment services and clothing.

33.     On information and belief, MMC has used and is using FASHION ROCKS, a mark confusingly similar to the Foundation's FASHION ROCKS Marks, to identify and promote its multimedia services, including charitable fundraising and entertainment services, without the Foundation's consent.  On information and belief, MMC has used and is using FASHION ROCKS to sell advertising and make profits based on the goodwill symbolized by the FASHION ROCKS Marks.

34.     MMC's unauthorized use of FASHION ROCKS is causing and will continue to cause public confusion as to the source of MMC's services, and sponsorship and/or affiliation of MMC with the Foundation and its licensees.

35.     MMC's use of FASHION ROCKS is a knowingly unauthorized use of the FASHION ROCKS Marks and constitutes willful trademark infringement.

36.     MMC's wrongful acts have proximately caused and will continue to cause the Foundation irreparable injury, including, but not limited to lost profits, dilution of its goodwill, and injury to its reputation.

37.     As a consequence of these wrongful acts, the Foundation has suffered irreparable damages and lost profits in an amount not yet determined, and the Foundation will continue to

suffer irreparable damages and lost profits in the future unless and until MMC's infringing activities are enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### Unfair Competition and False Advertising Under 15 U.S.C. § 1125(a)

38.     The Foundation realleges and incorporates herein the allegations contained above.

39.     MMC's use of the FASHION ROCKS Marks alone and in conjunction with other words is likely to cause confusion and mistake, and to deceive consumers as to the affiliation, connection or association of MMC with the Foundation and its licensees, and to falsely designate or represent the original source of its goods and services.

40.     By claiming ownership of the FASHION ROCKS brand on its website in an advertisement or promotion, MMC has identified itself falsely as a source of goods and services in connection with the name "Fashion Rocks".  By identifying itself falsely, MMC has misrepresented the nature, characteristics, and qualities of its goods, services, and commercial activities as well as the nature, characteristics, and qualities of the Foundation's goods, services, and commercial activities.

41.     Such use constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     MMC's wrongful acts have proximately caused and will continue to cause the Foundation injury, including, but not limited to lost profits, dilution of its goodwill, and injury to its reputation.

43.     As a consequence of these wrongful acts, the Foundation has suffered monetary damages in an amount not yet determined, and the Foundation will continue to suffer irreparable damages in the future unless and until MMC's infringing activities are enjoined by this Court.

### THIRD CLAIM FOR RELIEF
### State Law Dilution Under N.Y. Gen. Bus. Law § 360

44.     The Foundation realleges and incorporates herein the allegations contained above.

45.     MMC has diluted the distinctive quality of the FASHION ROCKS Marks and injured the Foundation's reputation in violation of New York law, N.Y. Gen. Bus. Law § 360.

46.     The Foundation's business reputation has been irreparably injured as an actual and proximate result of MMC's dilution of its trademarks.

47.     As a consequence of these wrongful acts, the Foundation has also suffered monetary damages including lost profits in an amount not yet determined, and the Foundation will continue to suffer irreparable damages in the future unless and until MMC's infringing activities are enjoined by this Court.

### FOURTH CLAIM FOR RELIEF
### Dilution under 15 U.S.C. § 1125(c)

48.     The Foundation realleges and incorporates herein the allegations contained above.

49.     The Foundation FASHION ROCKS Marks are famous in accordance with 15 U.S.C. § 1125(c).

50.     MMC commenced using FASHION ROCKS after the Foundation's FASHION ROCKS Marks became famous.

51.     MMC has used and continues to use FASHION ROCKS in a manner that is likely to cause dilution by blurring and/or dilution by tarnishment of the distinctive nature of the Foundation's FASHION ROCKS Marks.

### FIFTH CLAIM FOR RELIEF
### State Law Unfair Competition Under N.Y. Common Law

52.     The Foundation realleges and incorporates herein the allegations contained above.

53.     The aforesaid acts of MMC constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

54.     As a consequence of these wrongful acts, the Foundation has suffered irreparable damages and lost profits in an amount not yet determined, and the Foundation will continue to suffer irreparable damages and lost profits in the future unless and until MMC's infringing activities are enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
### State Law Unfair Competition Under Cal. Bus. & Prof. Code § 17200

55.     The Foundation realleges and incorporates herein the allegations contained above.

56.     MMC's unlawful use in commerce of the FASHION ROCKS Mark constitutes unlawful, unfair and fraudulent business acts or practices and deceptive, untrue and misleading advertising, in violation of § 17200 et seq. of the California Business and Professions Code.

57.     As a consequence of these wrongful acts, the Foundation has suffered irreparable damages and lost profits in an amount not yet determined, and the Foundation will continue to suffer irreparable damages and lost profits in the future unless and until MMC's infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Foundation prays for judgment and relief as follows:

1.     A temporary, preliminary, and permanent injunction directing and restraining MMC, its officers, agents, servants, employees, attorneys, parents, subsidiaries, and other persons in active concert or participation with MMC, from:

(a) using in any manner the FASHION ROCKS Marks, or any term confusingly similar thereto;

(b) using in any manner the FASHION ROCKS Marks alone or in combination with any other word or design, or any term confusingly similar thereto;

(c) committing any acts calculated to cause consumers to believe that any products or services sold, licensed, or offered by MMC are sponsored by, approved by, connected with, supported by, guaranteed by, sold by, or offered by the Foundation or are

under the control or supervision of the Foundation; or

       (d) unfairly competing with the Foundation in any manner.

2.      An order requiring MMC to delete any and all references to the FASHION ROCKS Marks, or confusingly similar variations thereof, alone or in combination with any other words or designs, from any written or electronic materials in its possession, custody, or control, from any advertising materials or marketing presentations, and from its internet website;

3.      An order requiring MMC, within thirty (30) days after entry of judgment, to file with this Court and serve upon the Foundation a written report, under oath, setting forth in detail the manner in which MMC has complied with the preceding paragraphs;

4.      Damages in an amount to be determined at trial;

5.      An order that MMC's trademark infringement, unfair competition and State law dilution was willful;

6.      Treble damages pursuant to 15 U.S.C. § 1117 and N.Y. Gen Law § 360;

7.      An equitable award of MMC's profits earned through its unfair competition and infringing use of the FASHION ROCKS Marks;

8.      An award of costs and attorneys' fees as permitted by law, including pursuant to 15 U.S.C. § 1117;

9.      An award of pre-judgment interest; and

       Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

10.    The Foundation demands a jury trial on all issues triable to a jury in this matter.


Dated:  August 25, 2010


                                    Respectfully submitted,

                                    MILBANK, TWEED, HADLEY & McCLOY LLP

                                    By: _____
                                    John M. Griem, Jr. (JG2609)
                                    MILBANK, TWEED, HADLEY & McCLOY, LLP
                                    1 Chase Manhattan Plaza
                                    New York, New York  10005-1313
                                    Telephone:(212) 530-5000
                                    Facsimile: (212) 530-5219

                                    Attorneys for Plaintiff THE GROSS FAMILY
                                    FOUNDATION, INC.